UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERRY MILLER,

Plaintiff,

v.

GINA GETTEL, et al.,

Defendants.

_____/

Case No. 21-cv-10175

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR FED. R. CIV. P. 54(b) CERTIFICATION (ECF No. 51)

### I.   INTRODUCTION

Plaintiff Kerry Miller initiated this civil rights action on January 26, 2021 against Defendants Sergeant Gina Gettel, former Sergeant Perry Curtis, W. Mark Fondren, Intoximeters, Inc. ("Intoximeters"), and three Doe Intoximeters employees.  ECF No. 1.   Miller alleges Defendants violated his due process rights by fabricating breathalyzer evidence against him, using said evidence to initiate criminal proceedings against him and obtain a guilty plea, and failing to train or supervise.  *Id.* at PageID.2.

On May 4, 2021, the Court entered a stipulated order dismissing Defendant Curtis without prejudice.  ECF No. 38.  Subsequently, on December 16, 2021, the

1

Court issued an Opinion and Order Granting in Part and Denying in Part Defendants Fondren and Gettel's Motion to Dismiss (ECF No. 31) and Granting Defendant Intoximeters' Motion to Dismiss (ECF No. 33).  ECF No. 45.

Presently before the Court is Plaintiff's Motion for Fed. R. Civ. P. 54(b) Certification (ECF No. 51).  Defendant Intoximeters takes no position on Plaintiff's Motion.  ECF No. 54.  Neither do Defendants Gettel and Fondren.  ECF No. 55. Accordingly, the Court concludes that oral argument will not aid in the disposition of this matter and will resolve the Motion on Plaintiff's brief.  *See* E.D. Mich. LR § 7.1(f)(2).  For the following reasons, the Court will **GRANT** Plaintiff's Motion for Fed. R. Civ. P. 54(b) Certification (ECF No. 51).

## II.    PROCEDURAL BACKGROUND

Plaintiff brings several claims.  Specifically, he alleges all Defendants violated his Fourth and Fourteenth Amendment rights by fabricating evidence (Count I), violated his Fourteenth Amendment rights by withholding and suppressing evidence (Count II), violated his Fourteenth Amendment rights by failing to intervene (Count III), were negligent (Count V), and engaged in fraud and misrepresentation (Count VI).  ECF No. 1.  He further alleges Defendants Gettel,

2

Fondren, and Intoximeters violated his Fourteenth Amendment rights by failing to train and supervise (Count IV).[1]  *Id.* at PageID.17.

In its December 16, 2021 Opinion and Order, the Court found it was "inappropriate to grant qualified immunity to the [Michigan State Police] Defendants at th[at] time."  *Id.* at PageID.590 (citation and internal quotation marks omitted).  The Court also found they were not entitled to governmental immunity. *Id.* at PageID.599.  Nevertheless, the Court concluded Miller had not plausibly pleaded several claims against Defendants Fondren and Gettel that were subsequently dismissed: his Fourth Amendment fabrication of evidence (Count I), Fourteenth Amendment failure to train and supervise (Count IV), and fraud and misrepresentation (Count VI) claim.  *Id.* at PageID.595-97, PageID.603. Furthermore, the Court determined Miller had not plausibly pleaded that Intoximeters is a state actor, *id.* at PageID.608, or owed him a duty of care, *id.* at PageID.611, and thus dismissed all claims as to that Defendant.  Accordingly, the remaining claims in this case are fabrication of evidence in violation of the Fourteenth Amendment (Count I), withholding and suppression of evidence in violation of the Fourteenth Amendment (Count II), failure to intervene in violation

---

[1] Defendant Curtis was also included in this claim, but as stated *supra*, she was dismissed from the case in May 2021.

of the Fourteenth Amendment (Count III), and negligence (Count V) all brough against Defendants Gettel and Fondren.

Defendants Gettel and Fondren appealed.  ECF No. 47.  Miller also filed a notice of appeal, ECF No. 49, and subsequently filed the instant motion for a certificate of appealability, ECF No. 51.

Miller concedes Defendants Gettel and Fondren are permitted to take an interlocutory appeal as of right.  *Id.* at PageID.649 (citing *Mitchell v. Forsyth*, 472 U.S. 511 (1985)).   However, Miller argues "further advancement towards the resolution of this case, either by settlement or trial on the merits, is stalled" while that appeal in pending.  *Id*.   Therefore, Miller requests that the Court certify its December 16, 2021 Opinion and Order as final and appealable as of right so he can also appeal the Court's Opinion.  *Id*.   Specifically, Miller seeks to appeal the dismissal of claims against Defendants Gettel and Fondren as well as the dismissal of Defendant Intoximeters.  *Id.* at PageID.649-50.

### III.   LAW & ANALYSIS

#### A. Legal Standard

Appellate jurisdiction is generally reserved for final judgments.  *Buccina v. Grimsby*, 889 F.3d 256, 258 (6th Cir. 2018).   However, the final judgment rule allows for certain "safety valves," including Federal Rule of Civil Procedure 54(b).

4

*Page Plus of Atlanta, Inc. v. Owl Wireless, LLC*, 733 F.3d 658, 660 (6th Cir. 2013).

Rule 54(b) provides in relevant part that

> [w]hen an action presents more than one claim for relief . . . or when
> multiple parties are involved, the court may direct entry of a final
> judgment as to one or more, but fewer than all, claims or parties only if
> the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).   Accordingly, district courts may certify an issue for
interlocutory appeal prior to the ultimate decision in a case.   *See Lowery v. Fed.
Express Corp.*, 426 F.3d 817, 820–21 (6th Cir. 2005).

In the Sixth Circuit, certification requires two steps: (1) "the district court
must expressly direct the entry of final judgment as to one or more but fewer than
all the claims or parties in a case[,]" and (2) "the district court must expressly
determine that there is no just reason to delay appellate review."   *In re Fifth Third
Early Access Cash Advance Litig.*, 925 F.3d 265, 273 (6th Cir. 2019) (quoting *Gen.
Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994)).   However,
"Rule 54(b) is not to be used routinely, or as a courtesy or accommodation to
counsel."   *Carpenter v. Liberty Ins. Corp.*, 850 F. App'x 351, 355 (6th Cir. 2021)
(quoting *Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1282–83
(6th Cir. 1986)).   Rather, "Rule 54(b) represents an exception to 'the historic federal
policy against piecemeal appeals.'"   *In re Fifth Third*, 925 F.3d at 273 (quoting

5

*Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).  Thus, "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Carpenter*, 850 F. App'x at 355 (quoting *Corrosioneering*, 807 F.2d at 1282–83).

The Sixth Circuit has set out the following non-exhaustive list of factors for courts to consider when deciding whether to certify a claim under Rule 54(b): (1) "the relationship between the adjudicated and unadjudicated claims"; (2) "the possibility that the need for review might or might not be mooted by future developments in the district court"; (3) "the possibility that the reviewing court might be obliged to consider the same issue a second time"; (4) "the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final"; (5) "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Carpenter*, 850 F. App'x at 355 (quoting *Corrosioneering*, 807 F.2d at 1282–83).

6

**B. Discussion**

Regarding the first step, the Court finds there has been an ultimate disposition as to one or more but fewer than all the parties in this case.[2]   *See* Fed. R. Civ. P. 54(b).   In particular, the Court's December 16, 2021 Opinion and Order disposed of Defendant Intoximeters by dismissing all the claims against it but retained several claims against Defendants Fondren and Gettel.   Accordingly, the Court concludes the dismissed claims are final and may be appealed immediately under Rule 54(b) if there is no just reason for delay.   *See Downie v. City of Middleburg Heights*, 301 F.3d 688, 693 (6th Cir. 2002).

With respect to the second step, the Court concludes there is no just reason to delay appellate review.   *See* Fed. R. Civ. P. 54(b).   Plaintiff relies heavily on *Marcilis v. Redford Twp.*, No. 09-11624, 2011 WL 284466 (E.D. Mich. Jan. 25, 2011) (Zatkoff, J.) in arguing the *Corrosioneering* factors favor certification.   *See* ECF No. 51, PageID.651-59.   The *Marcilis* plaintiffs brought § 1983 claims against several

---

[2] Ordinarily, courts employ a fact-intensive analysis to determine whether an order disposes of one or more but fewer than all claims for purposes of Rule 54(b) certification. *See McIntyre v. First Nat'l Bank*, 585 F.2d 190, 192 (6th Cir.1978) (defining a single claim for purposes of Rule 54(b) certification as "the aggregate of operative facts which give rise to a right enforceable in the courts") (citing *Backus Plywood Corp. v. Commercial Decal, Inc.*, 317 F.2d 339, 341 (2d Cir.1963)). However, the Court need not undergo such analysis here because this case clearly involves multiple parties, one of which the Court dismissed. *See Downie v. City of Middleburg Heights*, 301 F.3d 688, 701 (6th Cir. 2002) (Stafford, J., concurring).

7

defendants after two allegedly unconstitutional searches of their residence. *Marcilis*, 2011 WL 284466, at *1. After motions to dismiss and for summary judgment, only one claim remained unadjudicated in the case, and the remaining defendants appealed the court's denial of qualified immunity on that claim. *Id.* at *2. The plaintiffs thus sought certification of (1) the court's grant of certain defendants' motion to dismiss for failure to state a claim and (2) the court's determination that the remaining defendants were entitled to qualified immunity on the claims dismissed at summary judgment. *Id*.

In deciding certification was warranted, the *Marcilis* court noted it faced an "exceptional" situation as "none of the cases cited by the parties, nor any located by the [c]ourt through its review, indicate[d] a similar set of facts." *Id.* at *4. Accordingly, the court found that proceeding to trial on the plaintiffs' remaining claim would not moot out the need for future appellate review. *Id.* Nor was the case before the court one where any claims or counterclaims could result in a set-off against a final judgment. *Id.* Most importantly, the court concluded that "since the Court of Appeals will be reviewing this case's set of facts during [d]efendants' appeal, judicial[] economy [wa]s only further served by certifying [p]laintiffs' issues for appeal." *Id*. Otherwise, the court reasoned, "the Court of Appeals may have to revisit the same set of facts after the end of a trial on [p]laintiffs'" remaining claims.

8

*Id*.  The *Marcilis* court thus determined judicial economy was better served by permitting the Court of Appeals to review the opinion at issue "in its entirety, rather than just [d]efendants' issue with being denied qualified immunity."  *Id*.

This Court notes the Sixth Circuit ultimately dismissed the *Marcilis* plaintiffs' appeal "as duplicative" because "there ha[d] [already] been docketed in th[at] court a jurisdictionally sound appeal from the same judgment or final order."  *Marcilis v. Redford, Township of*, No. 09-cv-11624-SFC-MAR (6th Cir. Feb. 2, 2011). However, as the district court noted, *Marcilis* presented a novel procedural posture. *Marcilis*, 2011 WL 284466, at *4.  This Court has found a few cases since *Marcilis* where a plaintiff in this Circuit sought Rule 54(b) certification while a defendant's interlocutory appeal was still pending.  Notably, in each of those cases, the district court granted a certificate of appealability and the Sixth Circuit allowed the appeal to proceed.

First, the month after *Marcilis* was decided, in *Est. of Hickman v. Moore*, No. 3:09-CV-102, 2011 WL 1058934 (E.D. Tenn. Mar. 21, 2011), the plaintiff sought to certify, *inter alia*, the district court's grant of summary judgment to all defendants but one.  *Id*. at *1.  The *Hickman* court reasoned the "case [wa]s exceptional with respect to the interrelationship between the adjudicated and unadjudicated claims because [a] defendant [] ha[d] taken an interlocutory appeal on the unadjudicated

9

claim." *Id.* at *6.  Thus, "the arguments plaintiff could present with respect to . . . the adjudicated claims[] . . . involve[d] the same factual record as that relating to [the defendant's] appeal (*i.e.*, the unadjudicated claim)." *Id*.   The court therefore concluded "if [it] did not certify for appeal the summary judgment decisions, any later appeal by plaintiff on those decisions would be duplicative." *Id*.  Thus, the *Hickman* court determined that "in light of [the defendant's] interlocutory appeal, the needs of the parties outweigh the efficiency of appealing the summary judgment decisions at the conclusion of the case in its entirety." *Id.* at *7.  As stated *supra,* unlike in *Marcilis*, the Sixth Circuit consolidated the plaintiff's appeal with the defendant's and resolved the issues raised in a joint opinion.  *See Est. of Hickman v. Moore*, 502 F. App'x 459, 462 (6th Cir. 2012) (affirming district court's grant of summary judgment to all defendants but one).

Second, in *Mott v. Lucas*, No. 1:10CV2752, 2011 WL 3705131 (N.D. Ohio Aug. 23, 2011), certain defendants appealed the district court's denial of summary judgment based on qualified immunity.  *Id.* at *1.  The plaintiff, *inter alia*, moved to certify an interlocutory appeal "as to all dismissed defendants and claims."  *Id*.  In determining there was no just cause to delay appellate review, the court concluded four defendants had already taken interlocutory appeals of the denial of qualified immunity, and "[a]ll of the arguments to be presented by [the p]laintiff and these

10

defendants w[ould], almost certainly, involve the same factual record and the application of the qualified immunity doctrine to the facts therein." *Id.* at *3. The *Mott* court also concluded that allowing the plaintiff to appeal the court's dismissal of its claim would "provide clarity as to whether [the d]efendants [we]re entitled to qualified immunity with respect to" that claim. *Id.* Lastly, the court found "requiring [the p]laintiff to wait until the three pending interlocutory qualified-immunity appeals [we]re resolved to challenge the qualified immunity of [the d]efendants as to the [adjudicated claim] w[ould] cause needless delay." *Id.* As in *Hickman*, the Sixth Circuit consolidated the plaintiff's appeal with that of the defendants. *See Mott v. Mayer*, 524 F. App'x 179, 180 (6th Cir. 2013) (reversing district court's grant of summary judgment as to one plaintiff's claims).

Third, more recently, in *Kirk v. Calhoun Cnty.*, No. 1:17-CV-589, 2020 WL 9172953 (W.D. Mich. Apr. 7, 2020), certain defendants appealed the court's denial of qualified immunity, and the plaintiffs moved to certify for appellate review the court's dismissal of several defendants and claims. *Id.* at *1. Without explaining its reasoning, the *Kirk* court found the claims brought against the dismissed defendants were "sufficiently distinct" from the unadjudicated claims against the remaining defendants. *Id.* at *2. It further determined that if it "decline[d] to certify the appeal the parties w[ould] likely have to return to the circuit court for a second time to

11

litigate the manner in which th[e c]ourt resolved the" adjudicated claims against the dismissed defendants. *Id.* Thus, the court concluded, "certifying an appeal for those claims would be an expedient use of court and party time and other resources." Again, the Sixth Circuit permitted the plaintiffs' appeal to proceed along with that of the defendants. *See Kirk v. Calhoun Cnty., Michigan*, No. 19-2456, 2021 WL 2929736, at *1, *2 (6th Cir. July 12, 2021) (affirming district court's grant of summary judgment as to two of plaintiffs' claims).

Fourth, in *Greene v. Crawford Cnty.*, No. 18-11008, 2020 WL 5204121 (E.D. Mich. Sept. 1, 2020) (Ludington, J.), the district court granted summary judgment as to one set of defendants and granted qualified immunity on several claims as to the other set of defendants. *Id.* at *1. The remaining defendants appealed the court's denial of qualified immunity with respect to the unadjudicated claims, and the plaintiff subsequently sought certification of the court's opinions on both motions for summary judgment. *Id.* The dismissed defendants argued judicial efficiency would not be served by certification because the claims against them were "unrelated to the pending qualified immunity appeal." *Id.* at*3.

Relying on *Marcilis*, the *Greene* court reasoned the claims against the dismissed defendants were "procedurally related" to the claims against the remaining defendants as evidenced by the fact that the plaintiff's cause of action

12

against them was already stayed while the qualified immunity appeal was pending. *Id.* The court also noted "there [wa]s overlap of claims and [d]efendants regarding parties and likely witnesses and exhibits," so if the Sixth Circuit resolved the issues of the dismissed defendants' liability together with the remaining defendants' entitlement to qualified immunity, "only one trial would be necessary after appellate review." *Id.* Thus, because "the subsequent decisions in th[e c]ourt d[id] not risk mooting appellate review, certification may [have] serve[d] judicial efficiency, and certification may [have] inspire[d] settlement," the *Greene* court concluded there was "no need to delay appellate review" and granted the certificate of appealability. *Id.* at *3, *4.

Notably, the Sixth Circuit explicitly stated it had jurisdiction over the plaintiff's cross appeal. *Greene v. Crawford Cnty., Mich.*, 22 F.4th 593, 605 (6th Cir. 2022) ("[T]he district court's thorough Rule 54(b) certification order complied with this two-step process. . . . Thus, we have jurisdiction over the estate's cross-appeal."). Ultimately, the Sixth Circuit granted the plaintiff partial relief and reversed the district court's grant of summary judgment as to one of the defendants. *Id.* at 617.

*Greene* was not the first time the Sixth Circuit explicitly addressed and affirmed Rule 54(b) certification of a plaintiff's claims while a defendant's

13

interlocutory appeal was pending.  In *Gavitt v. Born*, 835 F.3d 623 (6th Cir. 2016), a plaintiff brought several civil rights claims against numerous defendants for allegedly intentionally misrepresenting evidence and failing to disclose exculpatory evidence.  *Id.* at 629.  The district court granted motions to dismiss for all but one of the defendants.  *Id.* at 630.  That defendant appealed the district court's denial of his qualified immunity, and the plaintiff appealed the dismissal of his claims against the other defendants.  *Id*.  In affirming its jurisdiction over the plaintiff's appeal despite dismissing the defendant's appeal, the Sixth Circuit confirmed the district court's determination that the dismissed claims were "distinctly separable from the unresolved claim" based on the grounds on which they were dismissed.  *Id.* at 638. The Sixth Circuit also found the district court's determination that there was no just reason to delay appellate review "was sound and supported by the record."  *Id.* at 639.  Of particular relevance here, the Sixth Circuit found "[t]he court [] acknowledged the importance of judicial economy, recognizing that the [the defendant's] interlocutory appeal created an opportunity for consolidated appellate review of the dismissals of related claims stemming from the same alleged civil rights violations."  *Id*.  The Sixth Circuit thus "uph[e]ld the district court's certificaiton."  *Id*.

14

Finally, just last year, in *Virgil v. City of Newport*, No. CV 16-224-DLB-EBA, 2021 WL 4494610 (E.D. Ky. Sept. 30, 2021), the district court, *inter alia*, denied qualified immunity for the individual defendants on two of the plaintiff's claims, and the defendants appealed. *Id.* at *1. After staying trial pending the resolution of the interlocutory appeal, the court permitted the plaintiff and other remaining defendant to file motions for certification so they could appeal the issues on which they lost at summary judgment. *Id*. The plaintiff moved to certify four specific issues for appeal. *Id.* at *2. The *Virgil* court granted the plaintiff's motion and also certified "the remaining claims dismissed on the merits at summary judgment." *Id*.

The *Virgil* court reasoned, "the Sixth Circuit [wa]s already reviewing the denial of qualified immunity" on two of the plaintiff's claims. *Id.* at *3. Further, the only claim remaining before the district court, "while intertwined with the constitutional claims" that were being appealed, "was nonetheless factually distinct" such that a subsequent appeal of that claim after verdict "would present new issues for the appellate court's consideration." *Id*. Additionally, the *Virgil* court noted "it would serve judicial economy for the court of appeals to review the grant of summary judgment alongside the denial of summary judgment" because "obtaining review on all the qualified immunity issues at once will eliminate the potential for multiple trials, thereby conserving judicial resources." *Id.* at *4. Moreover, the

15

pending interlocutory appeal "provide[d] the opportunity for consolidated appellate review of the dismissal of related claims involving similar facts" and "granting certification may eliminate the need for multiple appeals in the event the appellate court holds that all defendants are entitled to qualified immunity." *Id*. In this case, the Sixth Circuit declined to consolidate the appeals, insofar as they would be briefed separately; however, it ordered the appeals would be assigned to the same panel for consideration on the same date and that the parties could adopt arguments by reference to the related appeal in their briefing. *Virgil v. City of Newport, Ky.*, No. 21-5968 (6th Cir. Jan. 30, 2022).

This Court finds the reasoning of its sister courts persuasive and finds there is no just reason to delay appellate review of Miller's dismissed claims. *See* Fed. R. Civ. P. 54(b). Regarding the first factor, as in *Virgil*, the remaining Fourteenth Amendment fabrication of evidence, Fourteenth Amendment withholding and suppression of evidence, and state law negligence claims against Defendants Gettel and Fondren are "intertwined" with the dismissed Fourth Amendment fabrication of evidence, Fourteenth Amendment failure to train, and state law fraud and misrepresentation claims as well as all the claims dismissed as to Defendant Intoximeters. 2021 WL 4494610, at *3. Nevertheless, the adjudicated claims against Defendant Intoximeters and unadjudicated claims (against Defendants Gettel

16

and Fondren) are "distinctly separable" in that the claims against Defendant Intoximeters "involve separate actions taken by different actors with different roles in [Miller]'s criminal case than the role[s] played by" Defendants Fondren and Gettel. *Gavitt*, 835 F.3d at 638.

Additionally, as in all the cases discussed *supra*, this "case is exceptional with respect to the interrelationship between the adjudicated and unadjudicated claims because [D]efendant[s] [Gettel and Fondren] ha[ve] taken an interlocutory appeal on the unadjudicated claim[s]." *Hickman*, 2011 WL 1058934, at *6. Thus, the Court of Appeals will already have to consider the same facts upon which the Court dismissed Defendant Intoximeters and several claims against Defendants Fondren and Gettel when resolving the interlocutory appeal. If this Court were to deny Miller's certification request, the Court of Appeals may have to revisit the same set of facts after the trial on the remaining claims when Miller is permitted to appeal the dismissal of the adjudicated claims as of right. *Cf. Lowery*, 426 F.3d at 822 (noting that "the greater the overlap in the factual basis between the adjudicated and unadjudicated claims, the greater the possibility that [the Court of Appeals] will have to revisit the same facts under a different theory in a second appeal"). Accordingly, the interrelatedness of the adjudicated and unadjudicated claims favors certification.

17

Regarding the second, third, and fourth factors, the Court agrees with Miller that there is no reason, at this stage, to believe the need for appellate review might be mooted by future developments in this Court.  Indeed, Miller intends to appeal the dismissal of his claims, regardless of whether it happens now or after the resolution of the remaining claims.  *See* ECF No. 51, PageID.657.  Additionally, as discussed *supra*, due to the "exceptional" nature of this case, there is a high possibility the Court of Appeals would be obliged to consider the same set of facts a second time if this Court denies certification.  Finally, there is no claim or counterclaim which could result in a set-off against the judgment Miller seeks to make final.

Regarding the fifth factor, judicial efficiency favors certification.  Specifically,

> [b]ecause Defendants appealed the decision to deny qualified immunity, if the Court declines to certify the appeal[,] the parties will likely have to return to the circuit court for a second time to litigate the manner in which this Court resolved the [dismissed] claims . . . .  Thus, certifying an appeal for those claims would be an expedient use of court and party time and other resources.

*Kirk*, 2020 WL 9172953, at *2.  Additionally, Miller has indicated appellate review, particularly of the claims dismissed as to Defendant Intoximeters, will facilitate settlement.  ECF No. 51, PageID.659.  The Court agrees, Defendant Intoximeters

18

has no incentive to negotiate until Miller's appeal is resolved and it determines whether any of the claims against it will be revived. Likewise, any attempts at negotiation between Miller, Fondren, and Gettel will be stymied by uncertainty over whether the dismissed claims will be revived and should be considered in any potential settlement.

Thus, for all these reasons, the Court concludes there is no just reason to delay appellate review of Miller's dismissed claims.

## IV.   CONCLUSION

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Fed. R. Civ. P. 54(b) Certification (ECF No. 51) is **GRANTED**. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court certifies for immediate appeal the claims dismissed in its December 16, 2021 Opinion and Order Granting in Part and Denying in Part Defendants Fondren and Gettel's Motion to Dismiss and Granting Defendant Intoximeters' Motion to Dismiss (ECF No. 45).

A Judgment will be entered contemporaneously herewith.

**IT IS SO ORDERED**.

19

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  June 7, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 7, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

20