UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERRY MILLER,

    Plaintiff,

    v.

GINA GETTEL, et al.,

    Defendants.
_____/

Case No. 21-cv-10175

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER GRANTING DEFENDANTS GETTEL AND FONDREN'S MOTION FOR PROTECTIVE ORDER AND STAY OF PROCEEDINGS (ECF NO. 68), DENYING PLAINTIFF'S MOTION TO EXTEND SCHEDULING ORDER DATES (ECF NO. 66) AS MOOT, AND DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANTS GETTEL AND FONDREN (ECF NO. 67) WITHOUT PREJUDICE, AND ADMINISTRATIVELY CLOSING CASE**

### I. INTRODUCTION

Plaintiff Kerry Miller initiated this civil rights action on January 26, 2021 against Defendants Sergeant Gina Gettel, former Sergeant Perry Curtis, W. Mark Fondren, Intoximeters, Inc. ("Intoximeters") and three Doe Intoximeters employees. ECF No. 1. Miller alleges Defendants violated his due process rights by fabricating breathalyzer evidence against him, using said evidence to initiate criminal proceedings against him and obtain a guilty plea, and failing to train or supervise. *Id.* at PageID.2.

1

On May 4, 2021, the Court entered a stipulated order dismissing Defendant Curtis without prejudice. ECF No. 38. Subsequently, on December 16, 2021, the Court issued an Opinion and Order Granting in Part and Denying in Part Defendants Fondren and Gettel's Motion to Dismiss (ECF No. 31) and Granting Defendant Intoximeters' Motion to Dismiss (ECF No. 33). ECF No. 45. Defendants Gettel and Fondren appealed. ECF No. 47. Miller filed a motion for a certificate of appealability, ECF No. 51, which the Court granted, ECF No. 75.

Presently before the Court are Plaintiff's Motion to Extend Scheduling Order Dates (ECF No. 66), Plaintiff's Motion to Compel Discovery from Defendants Gettel and Fondren (ECF No. 67), and Defendants Gettel and Fondren's Motion for Protective Order and Stay of Proceedings (ECF No. 68). The parties have responded to all three motions. *See* ECF Nos. 72, 73, and 74. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of these matters. Therefore, the Court will resolve the instant motions on the briefs. *See* E.D. Mich. LR § 7.1(f)(2). For the following reasons, the Court will **GRANT** Defendants Gettel and Fondren's Motion for Protective Order and Stay of Proceedings (ECF No. 68) and **DENY** Plaintiff's Motion to Extend Scheduling Order Dates (ECF No. 66) **AS MOOT** and **DENY** Plaintiff's Motion to Compel

2

Discovery from Defendants Gettel and Fondren (ECF No. 67) **WITHOUT PREJUDICE**.

## II. FACTUAL & PROCEDURAL BACKGROUND

As stated *supra*, this Court issued an Opinion and Order Granting in Part and Denying in Part Defendants Fondren and Gettel's Motion to Dismiss (ECF No. 31), which Defendants appealed as of right, ECF No, 47.

Because the Court had not entered a stay or proceedings and Defendants had not, at that time, moved the Court for such an order, Plaintiff served Defendants with his first set of Interrogatories and Requests for Production of Documents on April 12, 2022. ECF No. 66, PageID.769. Defendants Gettel and Fondren sought concurrence regarding a proposed stipulated stay order. ECF No. 68, PageID.884. Defendant Intoximeters agreed, but Plaintiff refused because its position is that whether to grant a stay pending an interlocutory appeal of the denial of qualified immunity is within the discretion of the trial court. *Id.* at PageID.885.

Defendants Gettel and Fondren responded to Plaintiff's discovery request on May 12, 2022. ECF No. 66, PageID.770. They did not provide substantive responses to any of Plaintiff's requests. Instead, they repeated the following objection:

3

> Defendants object to this discovery request because there is a pending interlocutory appeal by right from the denial of qualified and governmental immunity. Additionally, Plaintiff has attempted to crossappeal and he has a pending motion for a certificate of appealability. Under the circumstances, there is an automatic stay of trial court proceedings, including exchange of discovery. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Turner v. Scott*, 119 F.3d 425, 427 (6th Cir. 1997); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994); *Kennedy v. City of Cleveland*, 797 F.2d 297, 299-300 (6th Cir. 1986); *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991); *Blair v. City of Cleveland*, 148 F. Supp. 2d 919, 921 (N.D. Ohio 2000); *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989).

*See, e.g.*, *id.* at PageID.794.

In Plaintiff's Motion to Extend Scheduling Order Dates, he argues "[t]he cases cited by Defendants do not provide that there is an automatic stay of proceedings, nor do the cases provide that proceedings are stayed absent an Order from the Court." *Id.* at 770. According to Plaintiff "Defendants' blatant obstruction of discovery has precluded Plaintiff from properly pursuing his claims" because discovery is currently set to expire on June 13, 2022. *Id*. Thus, Plaintiff requests the Court extend Scheduling Order Dates for good cause pursuant to Federal Rule of Civil Procedure 16(b)(4). *Id.* at 771.

Plaintiff contemporaneously filed a Motion to Compel Discovery from Defendants Gettel and Fondren. ECF No. 67. Specifically, Plaintiff asserts,

4

"because this Court has not stayed proceedings in this case, Defendants' refusal to engage in discovery is unjustified and contravenes the Federal Rules of Discovery." *Id.* at PageID.830. Thus, Plaintiff requests the Court grant his Motion to Compel pursuant to Federal Rule of Civil Procedure 37. *Id*. at PageID.825.

"In principle, Defendants Gina Gettel and W. Mark Fondren do not oppose Plaintiff Kerry Miller's motion to adjourn the scheduling order." ECF No. 73, PageID.964. However, "Defendants do oppose expending resources on discovery and other trial court matters while threshold legal defenses remain to be decided on interlocutory appeal by right." *Id*.

The day after Plaintiff filed his Motions to Extend Scheduling Order Dates (ECF No. 66) and Compel Discovery from Defendants Gettel and Fondren (ECF No. 67), Defendants Gettel and Fondren filed a Motion for Protective Order and Stay of Proceedings (ECF No. 68). Defendants aver a protective order staying all trial court proceedings, including Plaintiff's proposed discovery, pending resolution of the threshold legal issues that have been raised on appeal. ECF No. 68, PageID.886. Specifically, they contend they filed a timely and proper interlocutory appeal, Plaintiff has not moved the Sixth Circuit to dismiss the appeal and has instead attempted to cross-appeal, and there is no indication the appeal is taken solely to delay an

5

impending trial. *Id.* at PageID.887-88. Defendants further argue that "[d]iscovery burdens are precisely what the doctrines of qualified and governmental immunity are designed to prevent." *Id.* at PageID.888. Additionally, they assert, "[T]he scope and shape of discovery may change in the event of remand, along with the number of parties on the defense side." *Id.*

Plaintiff opposes Defendants' Motion. ECF No. 74. He asserts Defendants' interlocutory appeal is "frivolous" because it based on factual disputes. *Id.* at PageID.979-80. Moreover, Plaintiff avers the "unmistakable futility of [] Defendants' appeal is compelling evidence that [the] appeal is prosecuted for an improper purpose, like delaying trial." *Id.* at PageID.980. Lastly, Plaintiff contends that even if the Court grants Defendants stay, Defendants should be compelled to answer Plaintiff's discovery requests because no stay had been entered or requested at the time Plaintiff served his discovery requests on Defendants. *Id.* at PageID.981.

### III. LAW & ANALYSIS

Another court in this District has succinctly summarized the standard for determining whether to grant a stay of proceedings pending an interlocutory appeal of the denial of qualified immunity.

6

"Because qualified immunity is a protection not only from liability, but also from the trial process, a stay of proceedings in the trial court while the appeal is prosecuted is generally required to preserve the rights of state officials." *Gentry v. Wayne County*, No. 10-11714, 2011 WL 13160849, at *1 (E.D. Mich. Oct. 17, 2011); *see also Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986) (recognizing that an appeal from a denial of qualified immunity "oblig[es]" the district court to "refrain from proceeding to trial . . . until that issue is decided"). However, a district court may decline to stay a case pending an interlocutory appeal of a finding that a defendant was not entitled to qualified immunity if the appeal is (i) frivolous or (ii) being sought solely for purposes of delay. *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991) (recognizing district court's discretion to certify appeal on qualified immunity grounds as frivolous and begin trial); *Howlett v. City of Warren*, No. 17-11260, 2020 WL 5095521, at *1, *2 n.2 (E.D. Mich. Aug. 28, 2020) (granting stay pending interlocutory appeal of denial of qualified immunity upon finding that the appeal was neither frivolous nor sought for dilatory purposes).

An appeal is "frivolous" if it is "obviously without merit," meaning that the appeal is "solely a fact-based challenge to the plaintiffs' evidence and the district court's findings." *McDonald v. Flake*, 814 F.3d 804, 816 (6th Cir. 2016); *see also Howlett*, 2020 WL 5095521, at *2. A fact-based challenge is frivolous because a district court's denial of a claim of qualified immunity is an immediately appealable final order only "to the extent that it turns on an issue of law." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *see also* 28 U.S.C. § 1291. An appeal "turns on an issue of law" if the challenge raised on appeal has some "legal aspect to it," which is to say that the challenge cannot be "aimed solely at the district court's determination of the record-supported evidence[.]" *Bunkley v. City of Detroit*, 902 F.3d 552, 560-561 (6th Cir. 2018). The reason that an interlocutory challenge to a denial of a qualified immunity claim must "turn on an issue of law" is that an appellate court

7

> may not "decide a challenge to the district court's determination of 'evidence sufficiency,' i.e., which facts a party may, or may not be able to prove at trial," but it may "decide a challenge to the district court's legal determination that the defendant's actions violated a constitutional right or that the right was clearly established." *Id.* at 559.

*Sexton v. Cernuto*, No. 19-12574, 2021 WL 949541, at *2 (E.D. Mich. Mar. 12, 2021).

Defendants Gettel and Fondren argue on appeal, *inter alia*, that they are entitled to qualified immunity because they did not violate any clearly established law. *Miller v. Gettel*, No. 22-1034 (6th Cir.), Dkt. No. 26, Pg. 23-24 ("There is, in short, no clearly established law that would place Gettel or Fondren in any potential position of liability for a money damages suit."). As a result, their appeal has at least some "legal aspect" to it. *Bunkley*, 902 F.3d 552, 560-561 (6th Cir. 2018). Thus, the Court concludes the appeal is not frivolous.

Further, there is no evidence Defendants Gettel and Fondren's appeal is being sought solely for the purpose of delaying trial as Plaintiff argues. Plaintiff emphasizes that he filed his Complaint in January 2021, and, if required to wait until a favorable ruling from the Sixth Circuit, he will be unable "to engage in discovery until nearly two (2) years after filing his Complaint." ECF No. 74, PageID.981. While the Court recognizes Plaintiff's frustration, much of that delay is attributable to court delays caused by the COVID-19 Pandemic, not gamesmanship on behalf of

8

Defendants Fondren and Gettel. Indeed, Defendants asserted their qualified immunity defense at the earliest possible opportunity—at the motion to dismiss stage—and then timely filed their appeal when the court denied their requested relief. *Cf. Yates*, 941 F.2d at 449 (finding "considerable support in the record" for the view defendant employed the qualified immunity defense and privilege of an interlocutory appeal in a dilatory fashion where he raised the defense "a full five years" after the complaint was filed and days before the trial was set to commence, after the plaintiff had engaged in "extensive discovery"); *McDonald*, 814 F.3d at 817 (finding appeals were taken for purposes of delay and ordering sanctions where defendant-officer "engaged in over two years of discovery before filing his motion for qualified immunity and then filed the appeal only days before trial was scheduled to begin" and the defendant-city only filed its appeal after the district court denied its motion to continue the trial to a later date).

Because Defendants Gettel and Fondren's appeal is neither frivolous nor sought solely to delay trial, the Court grants their motion to stay proceedings pending resolution of their interlocutory appeal. Plaintiff's Motion to Extend Scheduling Order Dates is thus denied as moot.

Additionally, given the procedural posture of the case at this time, the Court concludes it is improper for the parties to proceed with discovery at this time.

9

Defendants assert qualified or governmental immunity on all the remaining claims, and they have appealed the Court's denial of such. Generally, courts do not permit discovery on claims for which defendants are appealing the denial of qualified immunity. *See In re Flint Water Cases*, 960 F.3d 820, 826-27 (6th Cir. 2020) (affirming district court's grant of protective order prohibiting discovery on claims for which defendants asserted qualified immunity that were on appeal but permitting discovery on unrelated claims still before the trial court). Thus, the Court will deny Plaintiff's Motion to Compel without prejudice.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that Defendants Gettel and Fondren's Motion for Protective Order and Stay of Proceedings (ECF No. 68) is **GRANTED**. Defendants are not required to supplement their responses to Plaintiff's first set of Interrogatories and Requests for Production of Documents, served on April 12, 2022, unless and until Defendants interlocutory appeal is resolved in Plaintiff's favor.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Scheduling Order Dates (ECF No. 66) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery from Defendants Gettel and Fondren (ECF No. 67) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending resolution of the cross appeals currently before the Sixth Circuit. The Clerk of Court is **DIRECTED** to administratively close the case until the appeals are resolved.

**IT IS SO ORDERED**.

                                            /s/ Gershwin Drain
                                            GERSHWIN A. DRAIN
                                            UNITED STATES DISTRICT JUDGE

Dated: June 8, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 8, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

11