UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD LECH,

    Plaintiff,

v.

GINA GETTEL, W. MARK FONDREN, INTOXIMETERS, INC., JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3,

    Defendants.
_____/

Case No. 22-cv-11197

U.S. District Court Judge
Gershwin A. Drain

**OPINION AND ORDER OVERRULING PLAINTIFF'S BRIEF DISTINGUISHING THE INSTANT CASE FROM *MILLER* AND (ECF No. 30), DISMISSING FEDERAL CLAIMS PURSUANT TO *MILLER* AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION**

### I. INTRODUCTION

On June 1, 2022 Plaintiff Ronald Lech initiated the instant civil rights action against Defendants Gina Gettel, Perry Curtis,[1] W. Mark Fondren, Intoximeters, Inc. (erroneously sued as "Inotimeters, Inc.;" hereinafter "Intoximeters"), and three John Does. Plaintiff brings claims for fabrication of evidence under the Fourth and

---

[1] On August 15, 2022, this Court entered a stipulated order dismissing Defendant Curtis from the case with prejudice. ECF No. 20.

Fourteenth Amendments (Count I), withholding and suppression of evidence under the Fourteenth Amendment (Count II), failure to intervene under the Fourteenth Amendment (Count III), failure to train and supervise under the Fourteenth Amendment (Count IV), negligence and gross negligence under Michigan law (Count V), and fraud and misrepresentation under Michigan law (Count VI). *Id.*

On December 21, 2022, this Court granted Defendant Intoximeters' motion to stay the matter pending the outcome of the cross appeals in *Miller v. Gettel*, No. 2:21-cv-10175-GAD-KGA, which involves identical claims, identical defendants, and nearly identical facts as the instant case. ECF No. 23. On April 14, 2023, the Sixth Circuit issued an opinion resolving both appeals. *Miller v. Gettel*, No. 22-1034, 2023 WL 2945340 (6th Cir. Apr. 14, 2023). Pursuant to the Sixth Circuit Opinion, the only claims remaining in *Miller* are the negligence and gross negligence claim in Count V. *Id.* at *12. This Court thus declined to exercise supplemental jurisdiction over the state law claims and dismissed the matter without prejudice. *Miller v. Gettel*, No. 2:21-cv-10175-GAD-KGA, ECF No. 84.

The Parties in the instant case appeared before the Court for a status conference on May 22, 2023. Plaintiff's counsel requested an opportunity to brief why the factual differences between this case and *Miller* should mean that not all the federal claims in this case will be dismissed. Counsel for Gettel and Fondren did

not object to this request. The Parties agreed to discuss stipulating to the dismissal of the other federal claims.

Presently before the Court is Plaintiff's Brief Distinguishing the Instant Case from *Miller*, filed on June 5, 2023. ECF No. 30. Defendants Gettel and Fondren filed a response on June 16, 2023, ECF No. 31, and Plaintiff filed a reply on June 28, 2023, ECF No. 33. For the following reasons, the Court **OVERRULES** the arguments in Plaintiff's Brief Distinguishing the Instant Case from *Miller* (ECF No. 30), **DISMISSES** Plaintiff's federal claims (Counts I, II, III, and IV) in accordance with *Miller*, 2023 WL 2945340, and **DECLINES** to exercise supplemental jurisdiction over Plaintiff's remaining state law claims (Counts V and VI) and **DISMISSES** them **WITHOUT PREJUDICE**.

## II. LAW & ANALYSIS

Plaintiff argues that his claim for withholding and suppression of evidence in violation of the Fourteenth Amendment against Defendants Gettel and Fondren should survive. ECF No. 30, PageID.211. Specifically, he contends that his claim is distinguishable from that of the plaintiff in *Miller* because he was arrested in March 2019, pled not guilty in April 8, 2019, the order dismissing his criminal charges was not entered until August 2021, and Defendants Gettel and Fondren were aware of general deficiencies with the DataMaster DMTs at least as early as April

2019 but did not share that knowledge with local authorities or perform a comprehensive audit of Intoximeters' work. *Id.* at PageID.213–14.

In opposition, Defendants Gettel and Fondren assert, *inter alia*, that the law of the case doctrine should apply and that Plaintiff, like *Miller*, failed to allege personal misconduct by Defendants Gettel and Fondren as needed to overcome qualified immunity. ECF No. 31, PageID.218–21.

As a preliminary matter, the law of the case doctrine does not apply here, where *Miller* is a distinct cause of action from the instant case. *See GMAC Mortg., LLC v. McKeever*, 651 F. App'x 332, 340 (6th Cir. 2016) (citations omitted). Instead, it appears Defendants meant to suggest issue preclusion should apply. *See id*. Under the doctrine of issue preclusion, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Union of Needletrades, Indus. & Textile Emps. AFL-CIO v. Am. Cap. Strategies, Ltd.*, 546 F. Supp. 2d 546, 556 (S.D. Ohio 2008) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)). Issue preclusion thus requires, *inter alia*, that "the party to be [precluded] was a party to the prior litigation (or in privity with such a party)" and "the party to be [precluded] had a full and fair opportunity to litigate the issue." *Id.* (quoting *Wolfe v. Perry*, 412 F.3d 707, 716 (6th Cir. 2005)). Here, Plaintiff was neither a party to the *Miller* action nor in privity with the plaintiff there, so issue preclusion does not apply.

As the Sixth Circuit noted in *Miller*, under the doctrine of qualified immunity, "Gettel and Fondren are 'shield[ed] from money damages unless [Miller] pleads facts showing (1) that the official violated a statutory or constitutional right . . . ." *Miller*, 2023 WL 2945340, at *5 (first alteration in original) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). However, "Miller does not allege that Gettel or Fondren were personally involved either in the deficient inspection of the subject device on February 15, 2019, or in the decision to leave the device in service after February 15, 2019." *Id.* at *6 (citations omitted). Specifically,

> responsibility for overseeing all of the DataMaster DMTs is not the same as knowledge of the specific defective inspection of the DataMaster DMT used to test Miller's breath. At best, Miller alleges that Gettel and Fondren became aware of general deficiencies in the work of Intoximeters' technicians sometime after the workflow requirements were imposed in April 2019.

*Id.* at *7; *see also id.* at *8.

As Plaintiff has previously conceded, his Complaint is "nearly identical" to the complaint filed in *Miller*. ECF No. 19, PageID.136. Indeed, the complaints are substantively identical with respect to the allegations regarding Defendants Gettel and Fondren. *See* ECF No. 14-1 (comparing complaints in both actions). As such, the Sixth Circuit's analysis of Defendants Gettel's and Fondren's culpability in *Miller* applies equally to the instant case, and the Court concludes they are entitled to qualified immunity on Plaintiff's *Brady* claim as well.

Notably, Plaintiff does not address these issues in his Reply. *See* ECF No. 33. Instead, he asserts these "Arguments should be addressed in a Rule 56 motion for summary judgment, after Plaintiff has been afforded the opportunity to conduct discovery." *Id.* at PageID.255. However, qualified immunity protects public officials from "unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Thus, defendants are entitled to have the issue of qualified immunity resolved immediately and to have discovery stayed until it is resolved. *See Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986).

Here, where the Sixth Circuit has already determined Defendants Gettel and Fondren are entitled to qualified immunity in a case bringing the same claims against the same defendants under nearly identical facts, it would be a disservice to both Defendants and judicial economy to force Defendants to relitigate the issue. Thus, in accordance with the discussion the Court had with the Parties during the May 22, 2023 status conference, the Court will dismiss all Plaintiff's federal claims (Counts I, II, III, and IV).

With the dismissal of Plaintiff's federal claims, the only continuing basis for this Court's jurisdiction over Plaintiff's state law claims is supplemental jurisdiction under 28 U.S.C. § 1367. However, pursuant to 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district

court has dismissed all claims over which it has original jurisdiction." Additionally, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims[.]" *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996). Indeed, the Sixth Circuit "applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed–retaining jurisdiction 'only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.'" *Packard v. Farmers Ins. Co. of Columbus, Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)).

As such this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims for negligence and gross negligence under Michigan law (Counts V and VI). The Court will dismiss Plaintiff's remaining claims without prejudice so they can be pursued in the state court. *See Newby v. A & M Hosp. & Mgmt., Inc.*, No. 12-13946, 2014 WL 2002285, at *3 (E.D. Mich. May 15, 2014) (dismissing remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3)); *Alberts v. Sallie Mae, Inc.*, No. 13-10114, 2013 WL 2250585, at *1 (E.D. Mich. May 22, 2013) ("Having dismissed Plaintiff's sole federal claim, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims and thus dismisses those claims without prejudice." (emphatic capitalization omitted)).

### III.  CONCLUSIONS AND ORDER

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that the arguments in Plaintiff's Brief Distinguishing the Instant Case from *Miller* (ECF No. 30) are **OVERRULED**.

**IT IS FURTHER ORDERED** that pursuant to the holding above and the Court's discussion with the Parties during the status conference on May 22, 2023, Plaintiff's federal claims (Counts I, II, III, and IV) are **DISMISSED** in accordance with *Miller v. Gettel*, No. 22-1034, 2023 WL 2945340 (6th Cir. Apr. 14, 2023).

**IT IS FURTHER ORDERED** that the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's remaining state law claims (Counts V and VI), and they are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: July 21, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 21, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager